UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BARTH and RYAN INES,<br><br>Plaintiffs,<br><br>v.<br><br>ALL HEARTS HOMECARE, LLC,<br><br>Defendant. | Case No.: 3:18-cv-01207-CAB-(JMA)<br><br>**ORDER ON MOTION TO DISMISS**<br>**[Doc. No. 9.]** |

This matter comes before the Court on Defendant All Hearts Homecare, LLC's ("All Hearts") motion to dismiss [Doc. No. 9]. The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted.

**I. Background**

On March 21, 2017, Plaintiffs Eric Barth and Ryan Ines (collectively "Plaintiffs") filed suit seeking declaratory judgment of no cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 28 U.S.C. § 1125(d), the Federal Dilution Act, 15 U.C. § 1125(c), or any other similar federal cybersquatting statutes. [Doc. No. 1 at ¶ 50.] It is also alleged that Defendant's conduct constitutes unfair, unlawful, and fraudulent business practices in violation of the California Business and Professions Code § 17200, *et seq.* [*Id.*

at ¶ 51.] Plaintiffs are both residents of the state of California and Defendant is a limited liability company formed under the laws of the state of South Carolina. [*Id.* at ¶ 29.] Subject matter jurisdiction is asserted under 15 U.S.C. §§ 1121, 1125(c),(d) and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. [*Id.* at ¶ 27.]

Plaintiffs allege that this Court has personal jurisdiction over Defendant because "Defendant intentionally reached into the state of California with its inappropriate threatening communication and made harmful promises to instigate baseless litigation that were designed to cause harm to residents of the state of California and have succeeded in causing harm to residents of the state of California residing within the Southern District of California." [*Id.* at ¶ 28.]

On July 18, 2018, Defendant All Hearts filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6). [Doc. No. 9.] In support of its motion, All Hearts submitted a declaration from Nezzie Jeter, the owner and sole member of All Hearts Homecare, LLC. [Doc. No. 9-3 at ¶ 2.] Ms. Jeter attests that she has personal knowledge of the matters on which she is declaring and that All Hearts is a South Carolina limited liability company with its sole office in Greenville, South Carolina. [*Id.* at ¶¶ 3, 6.] She declares that she has operated her business since the summer of 2015 under the trade name ALL HEARTS HOMECARE and that she holds the registration to operate the URL allheartshomecare.com to advertise ALL HEARTS HOMECARE. [*Id.* at ¶¶ 4, 8.] Ms. Jeter states that in late 2017 she became aware of Plaintiffs pending trademark application for ALL HEART HOME CARE and subsequently had her attorney oppose the application. [*Id.* at ¶¶ 9-11.] Ms. Jeter declares that during this time period she also learned that Plaintiffs had registered and began operating the URL allhearthomecare.com to advertise ALL HEART HOME CARE. [*Id.* at ¶¶ 9-11.] Ms. Jeter states that the parties have attempted to settle this dispute and that on June 8, 2018, her attorney, John Perkins sent Plaintiffs an "Offer of Settlement Under Rule 408." [*Id.* at ¶ 14] Further Ms. Jeter attests that she has never traveled to California and has never conducted business within the state. [*Id.* at ¶ 24.]

On August 8, 2018, Plaintiffs filed their opposition, along with declarations from Eric Barth and Plaintiffs' counsel, Kevin Welch. [Doc. Nos. 10, 10-1, 10-2.] Mr. Barth's declaration attests to the history of the business partnership between himself and Mr. Ines, their decision to form a company called Adult Home Health Care, LLC in 2014, and their decision to change its name to ALL HEART HOME CARE. [Doc. No. 10-1 at ¶¶ 2-4] Mr. Barth declares that on June 29, 2017, he and Mr. Ines purchased the domain name www.allhearthomecare.com from a newly dissolved Colorado company and thereafter began advertising the company's services under the URL. [*Id.* at ¶ 5.] Mr. Barth states that on July 14, 2017, the company filed an application for federal trademark registration of the company name ALL HEART HOME CARE. [*Id.* at ¶ 7.] Mr. Barth also declares when Defendant filed an opposition to the federal trademark application it was the first time he learned of Defendant's existence. [*Id.* at ¶ 9.] Mr. Welch declares that he had two telephone conversations with defense counsel, Mr. Perkins, prior to the filing of this lawsuit and that during one of those calls Mr. Perkins invited Plaintiffs to "make an offer to sell their URL to Defendant. Plaintiffs refused this request." [Doc. No. 10-2 at ¶ 4.] Mr. Welch attests that he vehemently disagreed with Mr. Perkins suggestion that if Plaintiffs continued to use their URL it would be considered Cybersquatting. [*Id.* at ¶ 5.] Further, Mr. Welch states that he informed Mr. Perkins that Plaintiffs were not acting in bad faith, Plaintiffs had the right to continue to use their URL, and that Cybersquatting laws were not applicable to the relevant dispute. [*Id.* at ¶ 6.] Finally, Mr. Welch declares that he and Mr. Perkins neither discussed nor reached an agreement to wait until the resolution of the opposition to the trademark to initiate any litigation regarding Cybersquatting. [*Id.* at ¶ 7.]

On August 12, 2018, Defendant filed its reply [Doc. No. 11].

**II.  Motion to Dismiss**

   **A.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is

appropriate." *Dole Foods Co. Inc. v. Watts,* 303 F. 3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2011) (citing *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.,* 557 F.2d 1280 (9th Cir. 1977)).

In the absence of an applicable federal statute governing personal jurisdiction, "the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003). "Under California's long-arm statute, California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'" *Daimler AG v. Bauman,* 134 S. Ct. 746, 753 (2014) (quoting Cal. Civ. Proc. Code Ann. § 410.10 (West 2004)). Thus, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004)).

Under the Due Process Clause of the Fourteenth Amendment, to exercise personal jurisdiction over an out-of-state defendant, the defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotations omitted)). This minimum contacts jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id.* at 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414 (1984)).

Here, because the motion to dismiss for lack of jurisdiction is based on affidavits and documents, Plaintiffs are required to make a prima facie showing that All Hearts is subject to personal jurisdiction in California. *See Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). The uncontroverted allegations in the complaint must be taken as true and factual conflicts must be resolved in Plaintiffs favor. *Marvix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011). In order to survive the motion to dismiss, Plaintiffs must show that All Hearts has minimum contacts with the forum state as will allow exercise of personal jurisdiction over it but, "bare formulaic accusations" that

All Hearts maintains sufficient contacts with California are inadequate. *Schwarzenegger*, 374 F.3d at 800.

Under Rule 12(b)(1), a defendant may move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This is because a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555).

**B. Discussion**

Defendant All Hearts moves to dismiss for lack of either specific or general personal jurisdiction because it is a resident of South Carolina with no contacts whatsoever with California. [Doc. No. 9-1 at 2.[1]] In the alternative, Defendant asserts that this matter is not ripe for adjudication by this Court or any other. [*Id.* at 7-8.] Additionally, Defendant moves the Court for an award of attorneys' fee and costs for Plaintiffs' improper filing. [*Id.* at 8-9.] Plaintiffs do not dispute that All Hearts lacks sufficient contacts with California to support general jurisdiction, but asserts that All Hearts has sufficient minimum contacts with this district to warrant maintaining the suit here. [Doc. No. 10 at 5.] Plaintiffs also address Defendant's ripeness argument by countering that the filing of the lawsuit was reasonably based upon the threat of an immediate harm. [*Id.* at 8.] Since Plaintiffs have effectively conceded that general jurisdiction does not exist, the Court will limit its inquiry to whether it has specific personal jurisdiction over All Hearts, a South Carolina limited liability company.

---

[1] Page cites refer to the CM/ECF assigned page designations at the top of the docketed document.

### 1. Specific Jurisdiction

Defendant All Hearts contends that its activities were not sufficient to give the Court personal jurisdiction over it in this declaratory judgment action.

The Ninth Circuit uses a three-prong test to determine whether a non-resident defendant is subject to specific personal jurisdiction: (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two requirements and if successfully met, the "burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. at 801-802. The first prong of the test includes both purposeful availment and purposeful direction and "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities in the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006).

Ordinarily cease-and-desist notices are not sufficient to establish personal jurisdiction over the sender of the letter. *Id. at* 1208; *see also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355 (Fed. Cir. 1998) (a patentee must be afforded "sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum.") But cease and desist letters that are abusive, tortious or otherwise wrongful have been used as the basis for personal jurisdiction. *See, e.g., Bancroft & Masters*, *Inc. v. Augusta Nat'l. Inc.* 223 F.3d 1082, 1088 (9th Cir. 2000) (finding defendant acted intentionally when it sent the cease and desist letter to NSI, the letter was expressly aimed at California because it targeted plaintiff, a California

corporation doing business almost exclusively in California, and because the effects were primarily felt in California).

In their opposition, Plaintiffs posit that All Hearts contact with them amounted to "tortious threats of baseless litigation in an attempt to misappropriate Plaintiffs' property" which forced them to bring suit to establish the right to continue to use their URL. [Doc. No. 10 at 2.] Plaintiffs assert that such behavior constitutes "purposeful availment" under the "purposefully direction test" derived from *Calder v. Jones,* 465 U.S. 783 (1984). [Doc. No. 1 at 6.] Defendant counters that the single email sent from its counsel to Plaintiffs' counsel regarding potential settlement of the proceedings already pending resolution in the United States Patent and Trademark Office does not constitute purposeful availment under the effects test sufficient to establish personal jurisdiction over it.[2] [Doc. No. 11 at 2-5.]

Under the *Calder* effects test, a defendant purposefully directed his activities at the forum if he: "1) committed an intentional act; 2) expressly aimed at the forum state; 3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot v. Weston,* 780 F.3d 1206, 1214 (9th Cir. 2015) (internal citation omitted).[3] While the Supreme Court has affirmed *Calder* it has cautioned that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* As the Court explained

---

[2] Additionally, Defendant states that "Plaintiffs have filed the instant action using as their only evidence a clearly marked Offer of Settlement in violation of FRE 408." [Doc. No. 9-1 at 2.] While not entirely clear from the papers, Defendant appears to be suggesting that the Court ignore the letter in its entirety, asserting it is inadmissible under Federal Rule of Evidence 408. But even if the email was part of a confidential settlement negotiation, notwithstanding an attempt to claim absolute privilege, it does not become inadmissible for any purpose. *See Rhoades v. Avon Products, Inc.* 504 F.3d 1151, 1160-61 (9th Cir. 2007) (the rule does not bar settlement negotiation evidence when offered for other purposes, "[n]otwithstanding the letter's attempt to claim an absolute privilege [] statements made in settlement negotiations are only excusable under the circumstances protected by the Rule.").

[3] In *Panavision v. Toeppen,* 141 F.3d 1316, 1321 (9th Cir. 1998), the Ninth Circuit affirmed the application of the *Calder* effects in cyberspace trademark infringement cases, noting that such cases were akin to tort cases.

7

"[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only in so far as it shows that the defendant has formed a contact with the forum state. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290.

Here, the first prong of the *Calder* test is easily satisfied because Defendant committed an intentional act by sending the cease and desist email. *Bancroft & Masters,* 223 F.3d at 1088 (sending a letter is an intentional act).

The second prong of the test requires inquiry into whether the defendant's allegedly tortious action was "expressly aimed at the forum." *Brayton v. Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1129 (9th Cir. 2010). In support of its motion to dismiss, All Hearts submitted a declaration from Nezzie Jeter, who declares that All Hearts is a home care company that provides in-home services primarily to the elderly, that's sole office is located in Greenville, South Carolina. [Doc. No. 9-3 at ¶¶ 5, 6]. Further, Ms. Jeter attests that All Hearts has never conducted business, or even attempted to conduct business in the State of California. [*Id.* at ¶ 7.] Plaintiffs have submitted nothing that contradicts these assertions, choosing instead to rely on the allegation that Defendant intended to bully Plaintiffs into relinquishing their URL and that "Defendant expressly aimed its tortious threats at Plaintiff knowing that Plaintiffs are residents of California and the Southern District of California and Defendant expected the harm caused by its tortuous threats to be borne by Plaintiffs in California." [Doc. No. 10 at 7.] Thus, the only contact that appears to connect All Hearts to California is its contacts with the Plaintiffs regarding the conduct at issue in this case. But this is insufficient because 'the plaintiff[s] cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285

Moreover, unlike the typical cybersquatting cases where courts have found jurisdiction on the grounds that defendant's conduct amounted to a scheme to extort money from trademark owners thereby connecting the defendant to the forum in a meaningful way, the case at bar appears to involve two legitimate business owners who by

happenstance have chosen substantially similar business and domain names. *See, e.g. Panavision Intern., L.P v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (a court may "subject a party domiciled in one state to jurisdiction in another" where the party "engaged in a scheme to register trademarks as his domain names for the purpose of extorting money from the [the plaintiff]"); *Bittorrent, Inc. v. Bittorrent Mktg. GMBH,* 2014 WL5773197, at *6 (N.D. Cal. Nov. 5, 2014) ("Defendant's intentional and systematic conduct of registering an ever-increasing number of domain names incorporating Plaintiff's trademark in an effort to extort money from Plaintiff connects Defendant to California in a meaningful way sufficient for the exercise of personal jurisdiction.") (collecting cases). Nothing currently before the Court suggests any conduct that raises to the level of a scheme on the part of Defendant, demonstrates that Defendant has engaged in several acts in the forum, or even so much as hints and any conduct on Defendant's part that was expressly aimed at the forum state. Plaintiffs' bare formulaic allegations to the contrary are inadequate. *Schwarzenegger*, 374 F.3d at 800.

In light of the above, the Court concludes that All Hearts actions do not connect it with California in a way sufficient to support the assertion of personal jurisdiction over it. Because Plaintiffs have failed to establish that All Hearts purposefully availed itself of the privilege of conducting activities in California, the Court need not address whether the suit arises out of All Hearts forum-related activities, or whether the exercise of jurisdiction would be reasonable.

### III. Request for Attorneys' Fees and Costs

Defendant All Hearts moved the Court for an award of attorneys' fees and costs, pursuant to 28 U.S.C. § 1927. Section 1927 provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions must be supported by a finding of bad faith or recklessness. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan,* 78 F.3d at 436 (citation omitted).

Defendant asserts that fees and costs are warranted because Plaintiffs should never have filed this action in this Court and are transparently attempting to forum shop. [Doc. No. 9-1 at 8.] It is Defendant's view that "Plaintiffs knowingly filed this case in bad faith and have done all in their power [] to vexatiously and unreasonably multiple the proceedings." [Doc. No. 11 at 11.] First, Defendant argues for sanctions because Plaintiffs refused to agree to dismiss the case after it made an offer of settlement, after defense counsel supplied them with case law citations he deemed relevant and supported his arguments for dismissal and, after defense counsel demanded that they do so [Doc. No. 9-2 at ¶¶ 24, 25; Doc. No. 9-1 at 8]. Second, Defendant suggests that Plaintiffs refusal to agree to defense counsel's request for an extension of time for Defendant to answer the complaint forcing Defendant to file "two entirely unnecessary motions, with accompanying declarations" costing Defendant "a very significant amount of time and money, expenses that Defendant should not have had to bear, provide further grounds for sanctions [Doc. No. 11 at 8].

In support of its position, Defendant points to this Court's award of attorneys' fees and costs in *P.I.C. Int'l, Inc. v. MIFLEX 2 SPA,* Case No: 3:17-cv-556-CAB-WVG, 2017 WL 3923793 (S.D. Cal. Sep. 7, 2017). But the circumstances in *P.I.C.* were markedly differently than those currently facing the Court. In *P.I.C.* individual defendant Mazzo was forced to continue to defend suit after this Court had already found that it had no personal jurisdiction over the corporate defendant and issued an order dismissing it from the case, after the plaintiffs were on notice that Mazzo had transferred all of this rights to the patent in dispute to the corporate defendant, and yet plaintiffs repeatedly refused to dismiss Mazzo

from the case. *Id.* In contrast, the motion currently before the Court is the first time the Court has addressed the jurisdictional question in the case at bar.

Notwithstanding Plaintiffs' decision not to address Defendant's request, the Court finds nothing unreasonable or vexatious in Plaintiffs' conduct that would warrant an award of sanctions under 28 U.S.C. § 1927. Accordingly, the Court hereby **DENIES** Defendant's request for attorneys' fees and costs.

### IV. Conclusion

For the reasons discussed above, All Hearts is not subject to personal jurisdiction in this Court.[4] Accordingly, it is hereby **ORDERED** that the Motion to Dismiss [Doc. No. 9] is **GRANTED,** and that Plaintiffs' claims against All Hearts are **DISMISSED without prejudice** to Plaintiffs' refiling in a court of competent jurisdiction. The Clerk of the Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: September 7, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[4] Having determined that this Court lacks personal jurisdiction over All Hearts, the Court need not address All Hearts' alternative dismissal arguments.